# IN THE COURT OF APPEALS OF IOWA

No. 15-0790
Filed August 5, 2015

**IN THE INTEREST OF K.W. and A.W.,**
    **Minor Children,**

**K.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Susan A. Cox, Associate Juvenile Judge.

The mother appeals from an order terminating her parental rights. **AFFIRMED.**

Meegan M. Langmaid-Keller of Keller Law Office P.C., Altoona, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael K. Jacobsen, County Attorney, and Jonathan D. Noble, Assistant County Attorney, for appellee

Amanda M. Demichelis of Demichelis Law Firm, Chariton, for father.

Larry J. Pettigrew of Pettigrew Law Firm P.C., Newton, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, J.**

The mother appeals from an order terminating her parental rights in her children, K.W. and A.W. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), and (h) (2013). On appeal, the mother does not challenge the sufficiency of the evidence supporting the statutory grounds authorizing the termination of her rights. Instead, she contends termination of her parental rights was not in the best interests of the children because the children are in the placement of paternal relatives and because of the bond between the mother and the children. She further argues termination of her parental rights was unnecessary because the juvenile court could have established a guardianship for the children.

We conclude the mother has not preserved error for our review. "[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The mother was served with notice of the termination hearing. The juvenile court called the hall three times before proceeding with the termination hearing. The mother failed to appear for the hearing. There was no evidence presented on her behalf during the hearing. There was no objection to the termination of her parental rights made during the hearing. Under similar circumstances, we have concluded error was not preserved:

> Despite receiving notice of the termination proceedings, the father did not appear at the hearing. The father did not object to the evidence presented, offer evidence, or raise any issue before the district court. As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal. Even issues implicating constitutional rights must be presented to and

ruled upon by the district court in order to preserve error for appeal. Because the father did not present any evidence or lodge any objection alerting the juvenile court to his complaints, he has not preserved error for our review.

*In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. Jun. 11, 2014); *see In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014) (finding failure to preserve error where the parent failed to appear and no objection to termination was raised); *In re P.S.*, No. 11-0516, 2011 WL 2714169, at *1 (Iowa Ct. App. Jul. 13, 2011) (same). Contrary to the mother's assertion in her petition on appeal, filing notice of appeal is insufficient to preserve error for review. *See* Thomas A. Mayes & Anuradha Vaitheswaran*, Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

The order of the juvenile court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**